## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CURT O'MALLEY, | : | No. *1:19-CV-1729* |
| Plaintiff, | : | |
| | : | |
| v | : | **FILED SCRANTON** |
| | : | |
| GLOBAL DIAGNOSTIC SERVICES, INC.,: | | OCT 0:4 2019 |
| and JAMES ZIMMERMAN, MD, | : | |
| | : | PER _____ |
| Defendants. | : | DEPUTY CLERK |

### COMPLAINT

Plaintiff, CURT O'MALLEY, by and through his undersigned counsel, Adam D. Meshkov, Esquire brings this Complaint against Defendants, GLOBAL DIAGNOSTIC SERVICES, INC. and JAMES ZIMMERMAN, M.D., and in support thereof avers as follows:

### PARTIES

1.     Plaintiff, CURT O'MALLEY, is an adult individual and citizen of the Commonwealth of Pennsylvania with an address of 613 W. Franklin Street, Slatington, PA 18018.

2.     Defendant, GLOBAL DIAGNOSTIC SERVICES, INC., is a business with principle office located at 2066 East Side Drive, Building C, P.O. Box 83526, Conyers, GA 30013 and maintains offices for acceptance of legal process at the address located at 1615 Chestnut Str Eastside Drive, Bldg. C, Suite 200, Conyers, Georgia, 30013 ("GDS").

3.     Defendant, JAMES ZIMMERMAN, M.D., is an individual employed by Defendant GDS ("Dr. Zimmerman") located at 70 Medical Center Drive, Commerce, GA 30529.

## JURISDICTION AND VENUE

4.     The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because (a) the amount in controversy exceeds $75,000 and (b) the Plaintiff and both Defendants are citizens of different states.

5.     Venue in the Middle District of Pennsylvania is proper because the events giving rise to this claim occurred in this district.

## FACTUAL ALLEGATIONS

6.     This complaint sets forth claims for medical malpractice and corporate negligence due to the mistreatment and misdiagnosis of the Plaintiff's pre-existing finger injury and the resulting pain, lack of mobility, exacerbation of injury, and possible permanent nerve damage.

7.     On October 5, 2017, the Plaintiff was detained at Pennsylvania State Correctional Institute Mahanoy for a parole detainer.

8.     Upon arrival, the Plaintiff informed the medical staff that he had sustained what he believed to be a broken right pinky finger two days before his incarceration.

9.     After multiple visits from prison medical staff, the Plaintiff had X-rays of his finger taken on October 13, 2017.

10.     The X-ray results were received by Defendant GDS and reviewed by Defendant Dr. Zimmerman.

## MISDIAGNOSIS

11.     After reviewing the X-rays, Dr. Zimmerman incorrectly concluded that (a) there was an old acute fracture to the middle phalanx of the Plaintiff's fifth digit with soft tissue swelling (b) there were no acute fractures or dislocation or bone erosion.

12.     Dr. Zimmerman failed to diagnose the subluxation of the 5th pip joint.

13.     Prison medical staff informed the Plaintiff of Dr. Zimmerman's diagnosis and advised him that he would regain functionality in his finger after it had been allowed to heal for a few weeks.

14.     The Plaintiff's finger did not improve despite his compliance with these instructions.

15.     On November 5, 2017, the Plaintiff submitted a sick call to prison medical staff due to the constant pain and lack of mobility in his finger.

16.     The next day, the Plaintiff was seen by a Physician's Assistant from the prison medical staff, Jenna Williams.

17.     After inspecting the Plaintiff's finger, PA Williams determined that (a) the finger was still injured and (b) she would review the X-rays with a prison staff medical doctor.

18.     That afternoon, the Plaintiff was informed that his finger was still broken, and that it would need to be rebroken and set, with the possibility of permanent nerve damage as a result.

19.     This additional treatment was necessary due to the failure of Dr. Zimmerman to properly diagnose the Plaintiff's injuries more than three weeks earlier, on November 13, 2017.

## SURGERY

20.     Because of Dr. Zimmerman's negligence, the Plaintiff was forced to endure unnecessary pain from his injuries for several weeks and surgical intervention that would not have been necessary but for the failure to diagnose.

21.     The Plaintiff seeks damages for the extensive pain and lack of mobility he has suffered, along with ongoing medical treatment and the high likelihood of for nerve damage and/or other permanent damage.

22.     All of the Plaintiff's past, present, and future losses are solely attributable to the carelessness and negligence of the Defendants, Dr. Zimmerman and GDS.

3

**COUNT ONE**
**MEDICAL AND PROFESSIONAL NEGLIGENCE**
**PLAINTIFF v. DR. ZIMMERMAN**

23.    Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth below.

24.    Plaintiff has procured an expert opinion from a qualified radiologist, and after a review of the radiologic studies, this doctor has certified that there is a reasonable probability of negligence concerning Dr. Zimmerman's failure to properly diagnose and treat the Plaintiff's subluxation.

25.    The careless and negligent acts of Dr. Zimmerman include:

   a.   Failing to diagnose the subluxation in the Plaintiff's right pinky finger;

   b.   Failing to exercise the same care and judgment as a reasonably skilled radiologist in the standard practice of prudent medicine under the circumstances;

   c.   In creating an unreasonable risk of nerve damage to the Plaintiff's injured finger;

   d.   In failing to use the same degree of care as a reasonable person would under the circumstances; and

   e.   In failing to possess the same knowledge and skill as a physician engaged in the general practice of radiology medicine.

26.    As a direct and proximate result of the negligence and carelessness of Dr. Zimmerman, the Plaintiff has suffered serious, painful bodily injuries, great physical pain and mental anguish, loss of income, loss of earnings capacity, and loss of the capacity for the enjoyment of life; was, is and will be required to undergo medical treatment and incur medical costs and expenses in order to alleviate his injuries, pain and suffering; and was, is and will be precluded from engaging in normal activities and pursuits.

**WHEREFORE,** Plaintiff hereby demands judgment in his favor and against the Defendant, Dr. Zimmerman, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with all costs, interest and damages legally appropriate.

**COUNT TWO**
**CORPORATE NEGLIGENCE**
**PLAINTIFF VS. GDS**

27.     Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth below.

28.     Upon information and belief, Dr. Zimmerman was an employee of Defendant GDS at the time he treated the Plaintiff for his injured right pinky finger.

29.     At all relevant times, Dr. Zimmerman was acting within the scope of his employment with GDS in providing medical treatment to the Plaintiff.

30.     Defendant GDS was negligent in failing to uphold the proper standard of care owed to the Plaintiff to ensure his safety and well-being by, inter alia:

    a.   Failing to select and retain only competent physicians;

    b.   Failing to properly oversee all persons who practice medicine under its auspices; and

    c.   Failing to formulate, adopt, and enforce adequate rules and policies to ensure qualify care for its patient, the Plaintiff.

31.     As a direct and proximate result of the negligence and carelessness of Defendant GDS, the Plaintiff has suffered serious, painful bodily injuries, great physical pain and mental anguish, loss of income, loss of earnings capacity, and loss of the capacity for the enjoyment of life; was, is and will be required to undergo medical treatment and incur medical costs and expenses in order to alleviate his injuries, pain and suffering; and was, is and will be precluded from engaging in normal activities and pursuits.

**WHEREFORE,** Plaintiff hereby demands judgment in his favor and against the Defendant, GDS, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with all costs, interest and damages legally appropriate.

Curt O'Malley
613 W. Franklin Street
Slatington PA 18080